UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 10 2022
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| PERRY PEZZAROSSI; AND JENNIFER PEZZAROSSI | PLAINTIFFS |
| v. | CAUSE NO.: 1:22cv3 HSO-RHWR |
| SHERWIN-WILLIAMS COMPANY; AND JOHN OR JANE DOES 1-10 | DEFENDANTS |

## COMPLAINT

### JURY TRIAL DEMANDED

COME NOW, the Plaintiffs, PERRY PEZZAROSSI and JENNIFER PEZZAROSSI, by and through their attorneys of record, and file this Complaint against the Defendants named herein, and in support thereof show the following:

### PARTIES

1. Plaintiff, Perry Pezzarossi (hereafter "Perry"), is an adult resident citizen of Harrison County, Mississippi, residing at 808 Evergreen Court, Gulfport, Mississippi 39501.

2. Plaintiff, Jennifer Pezzarossi (hereafter "Jennifer"), is an adult resident citizen of Harrison County, Mississippi, residing at 808 Evergreen Court, Gulfport, Mississippi 39501.

3. Sherwin-Williams Company (hereafter "Sherwin Williams") is a foreign corporation organized and existing under the laws of the State of Ohio and registered to do business in the State of Mississippi, its principal office and place of business located at 101 W. Prospect Avenue, Cleveland, Ohio 44115, and which may be served with process on its registered agent for service of process in the State of Mississippi, Corporation Service Company located at 7716 Old Canton Rd., Suite C, Madison, Mississippi 39110.

4. Defendants, John or Jane Does 1 through 10, represent persons or entities whose identities are not currently known to the Plaintiffs, but may become known to the Plaintiffs during the course and scope of this litigation. In the event the identities of said persons/entities are discovered, their legal names/identities will be substituted in place of the John/Jane Doe fictitious Defendants in the time and manner provided by law.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). The plaintiff is a resident citizen of Mississippi; the defendant is incorporated in Ohio; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## FACTS

7. At all material times, Sherwin Williams owns and operates the Sherwin-Williams Paint Store at 2305 Pass Road in Gulfport, Mississippi (hereafter "Store").

8. At all material times, Sherwin Williams maintains and controls the Store premises.

9. On August 11, 2021, Perry entered the Store as an invitee-visitor of Sherwin Williams, for the purpose of selecting a paint color in preparation for purchasing from Sherwin Williams paint with which to paint his house.

10. Perry brought with him a small piece of wood siding that he desired to have someone at the Store paint and which Perry would use as a color sample.

11. Upon entering the Store, a Sherwin Williams employee directed Perry to the rear counter. There the employee painted the piece of siding and dried the paint.

12. While Perry was at the rear counter, he noticed one or more other Sherwin Williams employees behind and to the side of him, transporting 5-gallon drums of paint with the assistance of a dolly.

13. The Sherwin Williams employee then returned the now-painted piece of siding to Perry, and Perry turned to walk back to the front of the Store to exit. Unknown to Perry, a Sherwin Williams employee had placed a paint dolly behind Perry. No Sherwin Williams employee warned Perry of the dolly they had placed behind him while Perry was standing at the counter.

14. As Perry turned around to exit the Store, Perry fell over the dolly a Sherwin Williams employee(s) had placed behind Perry.

15. Perry landed on his right arm, which had been partially amputated years prior and which was fitted with one of the only fully functional "Luke Arm" prosthetics. The "Luke Arm" prosthetic is an advanced bionic arm developed as part of a $100 million program funded by the United States Defense Advanced Research Projects Agency (DARPA).

16. The fall fractured Perry's partially-amputated arm and caused severe injury.

17. Since the fall, Perry has undergone multiple surgeries to attempt to repair his right arm. The damage to Perry's arm is so severe as to permanently preclude Perry's use of his prosthesis. Perry suffers permanent disability to his body as a whole as a result of the fall caused by Sherwin Williams.

## COUNT I

## BREACH OF DUTY AGAINST THE DEFENDANTS
## (PREMISES LIABILITY)

18. Plaintiffs adopt, re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 17 in their entirety as though fully copied and stated herein.

19. Plaintiffs would show Defendants owed a duty to Perry to exercise reasonable care to keep the premises in a reasonably safe condition, and to warn Perry of dangerous conditions not readily

3

apparent to Perry, but which the Defendants knew or should have known about through the exercise of reasonable care.

20. Defendants also owed a duty to Perry not to create a dangerous condition on their premises, and to warn Perry of dangerous conditions that were created by Defendants. Defendants were negligent in failing to make their premises reasonably safe for their customers, including Perry, in one or more of the following particulars:

   a. In the placement of the paint dolly in the position behind Perry without his knowledge;
   b. In negligently creating, providing, and maintaining inadequately safe walkways for customer ingress and egress;
   c. Failing to warn of the danger of the paint dolly despite having specific knowledge that paint dolly can pose a danger to its customers;
   d. Failing to warn of known dangerous conditions;
   e. Failing to protect customers from known dangerous conditions;
   f. Failing to guard against known dangerous conditions;
   g. Failure to implement policies and procedures to protect their customers from the dangerous conditions.

21. Defendants breached their duty to keep the premises in a reasonably safe condition for their patrons, including Perry, and to warn Perry of dangerous conditions not readily apparent to Perry, but of which Defendants knew or should have known in the exercise of reasonable care.

22. Defendants knew or should have known that the area in which Perry was injured was unsafe but did not take reasonable measures to protect their patrons or warn their patrons. Defendants failed to exercise reasonable care with regard to the dangerous conditions they created.

23. Such acts and omissions by Defendants were the direct and proximate cause of Perry's injuries.

## COUNT II:

### GENERAL NEGLIGENCE AND GROSS NEGLIGENCE AGAINST THE DEFENDANTS

24. Plaintiffs adopt, re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 23 in their entirety as though fully copied and stated herein.

25. Defendants' negligence, recklessness, carelessness, and/or gross negligence evidences a willful, wanton, or reckless disregard for the safety of others which consisted of, but is not necessarily limited to, the following facts or omissions:

   a. Failure of the Defendants to exercise reasonable care to keep the premises in a reasonably safe condition;

   b. Failure to warn Plaintiff of dangerous conditions not readily apparent to Perry, but which Defendants knew or should have known in the exercise of reasonable care;

   c. Failure to properly maintain the area before allowing its patrons to enter;

   d. Failure to hire qualified employees;

   e. Failure to properly train employees;

   f. Failure to properly supervise employees;

   g. Other acts or omissions that will be shown at the trial of this cause.

26. Such acts and omissions by Defendants were a direct and proximate cause of Perry's injuries.

27. Further, Plaintiffs would show that Defendants' acts and omissions constitute gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, thus entitling Plaintiffs to an award of punitive damages.

28. Plaintiffs have suffered and continue to suffer injuries and damages as a direct and proximate result of the negligence, recklessness, carelessness and/or gross negligence of the Defendants.

29. But for the Defendants' acts of negligence, recklessness, carelessness, and/or gross negligence, described in the above paragraphs, Plaintiffs would not have suffered and continue to suffer the injuries and damages complained of herein. The negligent, recklessness, careless, and/or grossly negligent conduct of Defendants discussed herein above, were the proximate and/or contributing causes of the injuries suffered by Plaintiffs.

30. Plaintiffs would show that as a direct and proximate result of the negligence, recklessness, carelessness, and/or gross negligence of Defendants and/or their agents employees, and representatives, Perry was severely injured, and sustained personal injury, suffered physical pain and suffering, mental pain and suffering and incurred certain expenditures and obligations for medical expenses for which he is entitled to recover as damages as will be shown by great proof at the trial of this cause.

31. Perry incurred medical bills and may continue to need reasonable and necessary medical treatment for which he is entitled to recover of and from Defendants.

32. Plaintiffs are entitled to all damages afforded under the Laws of the State of Mississippi, including but not limited to medical, hospital, drugs, and all allied health expenses, physical and mental pain and suffering, together with all penalties and interest which may be applicable. Plaintiffs would show other damages and injuries to be shown at the trial of this matter.

33. Plaintiffs would show that the acts and omissions of Defendants are so grossly negligent as to constitute a willful, wanton, or reckless, disregard for the safety of others, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

## COUNT III:

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND PAIN AND SUFFERING

34. Plaintiffs adopt, re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 33 in their entirety as though fully copied and stated herein.

35. As a direct result of Defendants' negligent acts in their failure to maintain a safe, hazard free store for their invitees' use, Perry has suffered the following damages:

   a. Perry suffered an injury while an invitee on the Defendants' premises;

   b. Perry suffered a long recovery that is still ongoing and may require one, if not multiple future surgeries; and

   c. Perry suffered and continues to suffer a long rehabilitation period.

## COUNT IV

## LOST OF CONSORTIUM

36. Plaintiffs adopt, re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 35 in their entirety as though fully copied and stated herein.

37. As a direct and proximate result of the aforementioned breaches of duty by Defendants, Plaintiff Jennifer Pezzarossi has, and continues to suffer, loss of consortium. Plaintiff Jennifer Pezzarossi is entitled to society, companionship, love, affection, aid, services, support, sexual relations and the comfort of her husband, Plaintiff Perry Pezzarossi, as special rights and duties growing out of the marriage covenant.

38. Plaintiff Jennifer Pezzarrossi is entitled to all damages afforded under the Laws of the State of Mississippi for the loss of consortium caused by the Defendants' negligent acts as set forth herein.

## DAMAGES

39. Plaintiffs adopt and incorporate paragraphs 1-38 above as though fully copied herein.

40. As a direct and proximate result of the aforementioned breaches of duty by Defendants, Plaintiffs have suffered injuries and sustained damages, continue to suffer injuries and damages, and are entitled to damages for which there are provisions under the laws of the State of Mississippi, including but not limited to the following:

    a. Past, present, and future physical pain and suffering;

    b. Past, present, and future emotional distress, mental anguish, anxiety, worry, and other such damages;

    c. Past, present, and future loss of enjoyment of life;

    d. Past, present, and future expenses for medical, hospital, drugs, and other allied health services;

    e. Past, present, and future, if any, lost wages;

    f. Loss of society and companionship;

    g. Loss of consortium suffered by Plaintiff Jennifer Pezzarossi;

    h. Loss of enjoyment of life, humiliation, degradation, and other such damages;

    i. Punitive damages;

    j. Exemplary Damages;

    k. Such other damages as may be determined by law or fact;

    l. Attorney's fees; and

    m. Any and all costs, litigation costs, expert fees, penalties, and interest (pre- or post-judgment), that may be applicable under the laws of the State of Mississippi.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Perry Pezzarossi and Jennifer Pezzarossi, pray their Complaint be received, filed, and served on Defendants herein. Plaintiffs further request a jury trial and after said trial, request a judgment be entered against Defendants, Sherwin-Williams Company and John or Jane Does 1-10, for an amount in excess of the jurisdictional minimum of this Court, for any and all actual, compensatory, and punitive damages as a result of Defendants' negligence, recklessness, carelessness, and/or gross negligence, emotional distress, together with interest from the date of the accident, attorney's fees and all costs of court to accrue to be determined at a trial hereon; and

8

Plaintiffs pray for such other, further and/or more general relief to which they may be entitled.

Respectfully submitted, this the 10th day of January, 2022

**PERRY PEZZAROSSI;
AND JENNIFER PEZZAROSSI, Plaintiffs**

By: _____
David N. Harris, Jr. (MSB #100790)
DAVID N. HARRIS, JR. LAW FIRM, P.L.L.C.
134 Rue Magnolia, Suite A
Biloxi, MS 39530
Telephone: (228) 236-7616
Email: david@davidharrislawfirm.com

- and -

RHORER WALKER LAW FIRM

S. Bradley Rhorer (Louisiana Bar Roll No. 25487)*
bradr@rhorerlaw.com
Zachary S. Walker (Louisiana Bar Roll No. 35366)*
zackw@rhorerlaw.com
10566 Airline Highway
Baton Rouge, LA 70816
Telephone: (225) 292-2767
Facsimile: (225) 292-2769

- and -

LOFASO LAW FIRM, LLC

Matthew T. Lofaso (Louisiana Bar Roll No. 23841)*
matt@lofasolawfirm.com
11404 N. Lake Sherwood Ave., Ste A
Baton Rouge, LA 70816
Telephone: (225) 293-6330
Facsimile: (225) 293-6332

*Attorneys for Plaintiffs Perry Pezzaarossi
AND JENNIFER PEZZAROSSI*

*S. Bradley Rhorer, Zachary S. Walker, and Matthew T. Lofaso will be moving for admission *pro hac vice*.