IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **PERRY PEZZAROSSI and** § <br> **JENNIFER PEZZAROSSI** § <br> § <br> § <br> **v.** § <br> § <br> § <br> **SHERWIN-WILLIAMS COMPANY** § <br> **and JOHN OR JANE DOES 1-10** § | | **PLAINTIFFS** <br><br><br><br> **Civil No. 1:22cv3-HSO-RHWR** <br><br><br><br> **DEFENDANTS** |

### ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE

This matter is before the Court sua sponte to consider its subject-matter jurisdiction. For the reasons that follow, the Court finds that Plaintiffs Perry Pezzarossi and Jennifer Pezzarossi have not carried their burden of demonstrating that federal subject-matter jurisdiction exists over this dispute. This matter should be dismissed without prejudice for lack of subject-matter jurisdiction.

### I. BACKGROUND

Plaintiffs Perry Pezzarossi and Jennifer Pezzarossi ("Plaintiffs") filed a Complaint [1] in this Court on January 10, 2022, naming as Defendants Sherwin-Williams Company ("Sherwin-Williams") and John or Jane Does 1-10 (the "Fictitious Defendants"), and invoking diversity jurisdiction under 28 U.S.C. § 1332(a). Compl. [1] at 1-2. Plaintiffs stated that they were citizens of Mississippi, while Sherwin-Williams was "organized and existing under the laws of the State of Ohio" with its principal place of business also in Ohio. *Id*. at 1.

However, the Complaint provided no information concerning the citizenship of the Fictitious Defendants. *See id.* at 2.

On January 11, 2022, the Court entered a Text Order requiring Plaintiffs to file an Amended Complaint to establish federal subject-matter jurisdiction. *See* Text Order, Jan. 11, 2022. The Court explained that Plaintiffs' failure to allege the Fictitious Defendants' citizenship was insufficient to establish the existence of diversity jurisdiction. *See id.* (citing *Richard v. Doe*, 638 F. App'x 409, 410 (5th Cir. 2016)). The Court warned that "[i]f Plaintiffs do not file an Amended Complaint by January 25, 2022, that adequately addresses the parties' citizenship, the Court will sua sponte dismiss this action for lack of subject-matter jurisdiction." *Id.*

On January 18, 2022, Plaintiffs filed an Amended Complaint [3] alleging the following concerning the Fictitious Defendants in paragraph 4:

> Defendants, John or Jane Does 1 through 10, represent persons or entities whose identities are not currently known to the Plaintiffs, but may become known to the Plaintiffs during the course and scope of this litigation. In the event the identities of said persons/entities are discovered, their legal names/identities will be substituted in place of the John/Jane Doe fictitious Defendants in the time and manner provided by law. After reasonably diligent investigation and based on information and belief at the time of filing this Amended Complaint, John/Jane Doe fictitious Defendants are believed to not be resident citizens of the State of Mississippi and/or foreign corporation(s) organized and existing under the laws of a state other than Mississippi. Plaintiffs allege complete diversity exists between Plaintiffs and Defendants, John or Jane Does 1 through 10, pursuant to 28 U.S.C. § 1332(a)(1).

Am. Compl. [3] at 2. No additional information was provided about the Fictitious Defendants. *See id.* On February 18, 2022, Sherwin-Williams answered the Amended Complaint and stated that it "lacks sufficient information or belief to

respond to the allegations in Paragraph 4 and therefore denies the same." Ans. [11] at 1.

## II.  DISCUSSION

"[F]ederal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746, *reh'g denied*, 140 S. Ct. 17 (2019) (quotation omitted). The burden of subject matter-jurisdiction rests on the party seeking to invoke it. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

In this case, Plaintiffs assert that diversity jurisdiction exists under 28 U.S.C. § 1332(a), and the Amended Complaint suggests no other basis of subject-matter jurisdiction. Section 1332(a) confers original subject-matter jurisdiction over a civil action upon a district court "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States," 28 U.S.C. § 1332(a), which requires "complete diversity between all plaintiffs and all defendants," *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

"[W]hen the alleged basis for jurisdiction is diversity of citizenship, the district court must be certain that the parties are in fact diverse before proceeding to the merits of the case." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). "The party asserting diversity jurisdiction must distinctly and affirmatively allege the citizenship of the parties." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020) (quotation omitted). In order to adequately allege the citizenship a corporation, a plaintiff must "set out the

3

principal place of business of the corporation as well as the state of its incorporation." *Id.* (quotation omitted). When a complaint does not reflect the citizenship of a John Doe defendant, nor allege facts that indicate that the fictitious defendant has diverse citizenship, the plaintiff fails to carry his burden of establishing the existence of diversity jurisdiction. *See Richard*, 638 F. App'x at 410.

The Fifth Circuit has cautioned that, "where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal court poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect." *Getty Oil Corp.*, 841 F.2d at 1258. Therefore, the Court must be assured that subject-matter jurisdiction exists in this case before it proceeds any further. *See id.*

On the present record the Court is unable to ascertain whether there is complete diversity of citizenship. Even assuming Plaintiffs have sufficiently alleged each of the named parties' citizenship, there is insufficient information concerning the citizenship of the Fictitious Defendants. For example, Plaintiffs indicate that the Fictitious Defendants could be individuals or entities, and the entities are believed to be "foreign corporation(s) organized and existing under the laws of a state other than Mississippi." Am. Compl. [3] at 2. Even if this were sufficient to plead the Fictitious Defendants' state(s) of incorporation under applicable authority, the Amended Complaint does not speak to the entities'

4

principal place(s) of business, *see id.*, which is half the inquiry for determining a corporation's citizenship for diversity purposes, *see Smith*, 978 F.3d at 282. Therefore, to the extent Plaintiffs assert claims against Fictitious Defendants that are entities, the Court cannot determine their citizenship. *See id.*

Despite the Court's instructions to provide adequate information in the Amended Complaint regarding the Fictitious Defendants' citizenship that was sufficient to establish federal subject-matter jurisdiction, Plaintiffs have not done so. *See* Text Order, Jan. 11, 2022; Am. Compl. [3]. The Court is unable to conclude the parties are of completely diverse citizenship based upon the record before it. *See Lincoln Prop. Co.*, 546 U.S. at 89. Because Plaintiffs have not carried their burden of demonstrating that the Court possesses federal subject-matter jurisdiction, this case must be dismissed without prejudice.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 25th day of February, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE